THEODORE A. SNYDER, d. b., *vs.* THE STATE OF DELAWARE, p. b.

1. BAIL—CHARTER PROVISION AS TO PROCEEDINGS IN MUNICIPAL COURT HELD GENERAL AND APPLICABLE TO ACTIONS WHEREIN STATE IS COMPLAINANT.

   *Charter of Wilmington, c.* 67, § 15 (*Rev. Code*, 1915, § 2130), providing that "the proceedings of the * * * municipal court shall be subject to revision by the Superior Court * * * upon writs of certiorari, * * * provided that, before the issuing of such writ of certiorari, the party applying for the same shall enter into a recognizance to the mayor and council of Wilmington, in a penalty and with surety to be approved by the prothonotary of said Superior Court, and with condition that" he will prosecute his suit with effect, or otherwise abide the judgment of the municipal court, *held* to be general and to apply as well to actions wherein the state is the complainant as where the city is, and that a motion by the state as complainant below to dismiss a writ of certiorari addressed to the municipal court because it was supported by a recognizance similar in form to that prescribed to be directed to a justice of the peace should be granted.

2. BAIL—SPECIAL APPEARANCE BY STATE TO QUASH CERTIORARI, THOUGH BETTER PRACTICE, HELD NOT ESSENTIAL.

   A motion to quash a writ of certiorari on the grounds that it was not supported by a proper recognizance presented after a general appearance *held* entertainable, though a special appearance would have been better practice, since the court, if necessary, could have permitted a withdrawal of the general appearance and the entry of a special one.

(*February* 10, 1922.)

PENNEWILL, C. J., RICHARDS and RODNEY, J. J., sitting.

*Robert Adair* for defendant below.

*Sylvester D. Townsend, Jr.,* Attorney-General, and *Aaron Finger,* Deputy Attorney-General, for plaintiff below.

Superior Court for New Castle County, January Term, 1922.

CERTIORARI, No. 4, November Term, 1921.

Writ issued out of Municipal Court, by defendant below. The State of Delaware, plaintiff below, moved that the certiorari be quashed and dismissed. Motion granted.

See further facts in the opinion of the Court.

PENNEWILL, C. J., delivering the opinion of the Court:

In this case a writ of certiorari was issued to the Municipal Court in which the defendant below was adjudged guilty of the offense charged, and sentenced to pay a fine of one hundred dollars and costs of prosecution.

[1]   The defendant, the State of Delaware, asks that the certiorari be quashed and the proceeding dismissed because the recognizance taken thereunder does not conform to the requirement of the City Charter in that behalf, it being similar to a recognizance taken under a certiorari directed to a Justice of the Peace, in which the obligation is to pay the condemnation money in case the defendant fails to prosecute his suit with effect.

*Section* 15 *of Chapter* 67 *of the City Charter* (*Revised Code of Del.* § 2130), provides that—

"The proceedings of the   *   *   *   Municipal Court shall be subject to revision by the Superior Court   *   *   upon writs of certiorari; and after its judgments shall be affirmed, or reversed, the said Municipal Court may proceed to execution, or otherwise, as shall according to law appertain; provided that, before the issuing of such writ of certiorari, the party applying for the same shall enter into a recognizance to the Mayor and Council of Wilmington, in a penalty and with surety to be approved by the Prothonotary of said Superior Court, and with condition that the said party, so applying for the same, shall prosecute said writ with effect, or otherwise that he will in all things abide the judgment of the said Municipal Court, if he shall fail to make his plea good or the same be affirmed by the Superior Court; which recognizance shall be entered upon the docket succeeding the entry of the certiorari and shall be a part of the record of the same."

The defendant below contends that the recognizance taken in the case is in proper form because the plaintiff below was the State of Delaware and not the City of Wilmington, his claim being that the form provided for in the City Charter is applicable only to cases in which the City is the complainant.

But the Court are unable to recognize the distinction contended for.   The provision in the City Charter is general, and covers any writ of certiorari issued to review or revise the proceedings of the Municipal Court.   Under the City Charter the condition of the recognizance, upon certiorari, is that the defendant shall prosecute his suit with effect or otherwise abide the judgment of the Municipal Court.

[2]   The defendant below makes the further point, that even if the writ of certiorari might be quashed for want of a sufficient or proper recognizance, special appearance for that purpose is necessary, citing 1 *Wooley on Delaware Practice*, 635 (*Sec.* 910).

No special appearance was entered, but the State by the At-

torney-General has appeared generally. Undoubtedly the better practice would have been to have entered special appearance before making a motion to quash a certiorari, as in this case, but it was not done, and the Solicitor for the City now makes a motion to quash the writ. We think, under the circumstances, the Court should not refuse to entertain his motion because a special appearance was not entered. The Court might permit the general appearance to be withdrawn so that a special appearance could be entered, but the case having been fully argued by counsel, we will give our decision upon the present state of the record. This we think is clearly within the province of the Court.

The motion of the State is, therefore, granted.